IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOSEPH C. BROCKAMP                          )
and DEBORAH D. BROCKAMP,                     )
                                            )
            Plaintiffs,                      )       TC-MD 130369C
                                            )
      v.                                     )
                                            )
DEPARTMENT OF REVENUE,                       )
State of Oregon,                             )
                                            )
            Defendant.                       )       **FINAL DECISION**

      The court entered its Decision in the above-entitled matter on January 9, 2014.  The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered.  The court's Final Decision incorporates its Decision without

change.

      Plaintiffs filed their appeal challenging Defendant's Notice of Deficiency Assessment for

the 2010 tax year, dated March 11, 2013.  (Ptfs' Compl at 1, 4-5.)  A telephone trial was

scheduled in this matter for January 6, 2014.  Joseph Brockamp (Brockamp) appeared for

Plaintiffs.  Shonna Cross (Cross), Plaintiffs' licensed tax preparer, appeared with Brockamp.

Defendant was represented by John Koehnke, Tax Auditor, Oregon Department of Revenue.

      Plaintiffs did not submit any exhibits to the court.  Defendant did not offer its previously

exchanged exhibits (A through E) into evidence.

      The disputed adjustment subject to this appeal concerns unreimbursed employee business

expenses claimed by Plaintiffs on their federal tax return for 2010 in the amount of $23,340.

/ / /

(Ptfs' Compl at 5.)  The expenses, in turn, pertain to a deduction for employee business miles purportedly related to Brockamp's 2010 employment in the construction industry.  (*Id*.)

Tax Court Rule-Magistrate Division (TCR-MD) 9 A provides in relevant part that "[a]ny evidence the parties want considered must be given to the magistrate as an exhibit even though it was already presented in a prior administrative hearing."  TCR-MD 10 A defines exhibits as follows:  "[e]xhibits include, but are not limited to, writings, reports, notes, graphs, * * * documents, maps, receipts, records, diaries, minutes, ledgers, returns, calculations, articles, papers, data, and tests."  TCR-MD 10 C requires that "[e]ach party shall provide the court and the other parties with copies of all exhibits to be introduced into evidence in support of the party's case."  Finally, TCR-MD 10 C(1) provides in relevant part that "all exhibits must be either postmarked at least 14 days before the trial date or physically received at least 10 days before the trial date."

The court discussed the lack of exhibits from Plaintiffs prior to the commencement of the trial.  Cross explained that she sent all of Plaintiffs' exhibits to Defendant at its address on Center Street in Salem, Oregon.  Brockamp stated that the exhibits were returned by the postal service "last Friday," and he therefore did not have time to submit them to the court.  Cross further stated that she did not have an address for the tax court.  Both Brockamp and Cross apologized for neglecting to send their exhibits to the court at its address on State Street in Salem, Oregon, an address that appears on all of the court's written correspondence.  The court noted that it had advised the parties during the telephone case management hearing held in July 11, 2013, of the need to send a copy of all exhibits both to the court and the opposing party, and that it had noted the deadlines for the exchange of those exhibits (December 23, 2013, for the postmark deadline

and December 27, 2013, for the physical receipt deadline) during the hearing in July. As indicated above, Plaintiffs in this case did not submit any evidence for the trial.

The court denied Plaintiffs' request to reschedule the trial so that they would have an opportunity to timely submit their exhibits to the court.

Plaintiffs are the party seeking affirmative relief from Defendant's Notice of Deficiency Assessment for the 2010 tax year. Under ORS 305.427 (2011) it was incumbent upon Plaintiffs to establish their case by a "preponderance of the evidence." Without exhibits, Plaintiffs were unable to meet their burden of proof. Sworn testimony alone would not suffice to establish the necessary facts required by the court to determine Plaintiffs' entitlement to the claimed business mileage deduction under applicable law. Accordingly, no trial was held and Plaintiffs' appeal is denied.

The court concludes that Plaintiffs' appeal is denied for failure to establish their entitlement to the claimed business expense deductions for mileage for the 2010 tax year. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied and Defendant's Notice of Deficiency Assessment, dated March 11, 2013, for the 2010 tax year is upheld.

Dated this ___ day of January 2014.

 

 

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on January 28, 2014. The court filed and entered this document on January 28, 2014.*